**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES M. BARNES,<br><br>                      Plaintiff,<br><br>                      v.<br><br>HEATHER GRIFFITH, et al.,<br><br>                      Defendants. | Civil Action No. 23-3043 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.    BACKGROUND**

Plaintiff is a convicted state prisoner currently confined in South Woods State Prison. (ECF No. 1 at 2-4.) According to Plaintiff, since his arrival at South Woods, he has had to endure pungent second-hand smoke which wafts into his cell through the prison's ventilation system that

he believes has had negative impacts upon his health. (*Id.* at 5-6.) Plaintiff alleges that this smoke comes from someone, presumably a fellow inmate, smoking either "K2," a synthetic cannabinoid, or marijuana, both of which are controlled substances. (*Id.*) Inhaling the smoke has led to Plaintiff suffering nasal infections and to having breathing issues. (*Id.*) Plaintiff further alleges that both Defendants, the administrator of the prison, Keisha Fisher, and her second in command, Heather Griffith, "know" about the smoke entering the ventilation system, but are "not trying" hard enough to curb its presence, notwithstanding the fact that, by Plaintiff's own admission, administration has made South Woods a "zero tolerance drug [and] alcohol free" facility, and the prison has made efforts to make the prison "free from smoking." (*Id.* at 5-7.)

## II. LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed

factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff seeks to raise conditions of confinement claims against two high level administrators at the prison in which he is housed arising out of the illicit use of smoked drugs by other inmates and his being subjected to second hand smoke from these activities. In order to make out a conditions of confinement claim under the Eighth Amendment premised on exposure of the kind about which Plaintiff complains, a plaintiff must plead facts indicating that the defendants knew of and were deliberately indifferent to an excessive risk to the plaintiff's health. *See Gonzalez v. De Lasalle*, 703 F. App'x 62, 68 (3d Cir. 2017) (citing *Farmer v. Brennan*,

3

511 U.S. 825, 837 (1994)). A prison official can only be said to have been deliberately indifferent where they knew of and then disregarded an excessive risk to health or safety. *Farmer*, 511 U.S. at 837. Where such a claim is premised on exposure to second hand smoke, a plaintiff must further plead facts indicating that he was exposed to unreasonably high levels of the smoke, and the prison authorities were deliberately indifferent to the exposure. *Gonzalez*, 703 F. App'x at 68; *see also Atkinson v. Taylor*, 316 F.3d 257, 262-63, 266 (3d Cir. 2003).

Even assuming Plaintiff's allegations of repeated exposure to second had smoke from the use by other inmates of cannabinoids is sufficient to show an exposure to unreasonably high levels of a dangerous substance, Plaintiff has failed to plead facts amounting to deliberate indifference. Although Plaintiff is understandably frustrated that some unknown person apparently continues to illicitly use the substance, by Plaintiff's own admission prison administration has made South Woods a drug, alcohol, and even smoke free facility and has adopted a zero tolerance policy for violations of those rules. (ECF No. 1 at 6.) Such a policy suggests that prison administration has taken proactive steps to prevent and/or mitigate the presence of such substances in the prison and are thus not disregarding the risk of harm the substance in question presents. *See Gonzalez*, 703 F. App'x at 68 (policy prohibiting smoking accompanied by sanctions for breaking policy undercuts claims of deliberate indifference). Plaintiff does not allege any facts suggesting that the two named Defendants, high level administrators, knew who the inmate using the substances was and failed to take action to curtail that misuse, and instead appears to suggest that the smoke in question is coming from persons unknown. In the absence of more specific information suggesting the two Defendants knew of the source and did nothing to curb it, and in light of the zero tolerance policy that Plaintiff acknowledges, Plaintiff has not pled facts sufficient to permit an inference of deliberate indifference. His complaint thus fails to state a plausible claim for relief against either of the named Defendants, and must therefore be dismissed without prejudice at this time.

## IV.     CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge